UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2006 SEP -7 PM 4: 23
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| JAMES AUSTIN ELEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV404-192 |
| | ) |
| STATE OF GEORGIA, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Defendants, prison officials and physicians at the Coastal State Prison, have filed a motion for summary judgment in the above action. Doc. 107. Plaintiff has filed a response to this motion and asks for summary judgment in his favor. Doc. 118. For the following reasons, the Court recommends that defendants' motion be GRANTED in part and DENIED in part, and that plaintiff's motion be DENIED.

### I. Background

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on October 6, 2004, alleging that while he was incarcerated at Coastal State

Prison in March 2003, correctional officer Michael Hayes beat plaintiff while he was handcuffed. Doc. 1. Plaintiff claims that as a result of this use of excessive force, he sustained injuries to his back, neck, and shoulder but was denied medical treatment by two staff physicians at the prison, Dr. Eric Fogam and Dr. Olatunji Awe.[1] Id. Plaintiff also alleges that he informed defendant Dannie Thompson, the warden at Coastal, about the alleged beating and lack of medical attention but that Thompson failed to respond to his complaints. Id.

## II. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it might affect the outcome of the case under the governing laws. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baker v. Sears, Roebuck &

---

[1] The Court will refer to these defendants using the names and spelling utilized by the defendants in their motion for summary judgment.

2

Co., 903 F.2d 1515, 1518 (11th Cir. 1990)(citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." Tidmore v. BP Oil Co./Gulf Products Div., 932 F.2d 1384, 1387 (11th Cir.), cert. denied, 502 U.S. 925 (1991)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the

3

non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Baker, 903 F.2d at 1515.

## III. Excessive Force Claim

Plaintiff has alleged that he was beaten and choked by Correctional Officer Hayes and that this unnecessary and excessive use of force caused him certain physical injuries. In considering a claim that a prison guard used excessive force against a prisoner, the "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Although the use of excessive physical force may violate the Eighth Amendment prohibition against cruel and unusual punishment even when the inmate does not suffer "serious injury," it is nevertheless permissible to view the extent of the injury suffered as suggesting whether the force used was appropriate under the circumstances. Id. at 7, 9-10 (de minimis uses of force are excluded from

4

constitutional recognition).

Plaintiff claims that Officer Hayes beat him while he was handcuffed because plaintiff had filed a grievance against him. Doc. 1. Hayes has moved for summary judgment, contending that he did not beat plaintiff. Doc. 108. Hayes submitted an affidavit in which he states that he "never had an altercation with plaintiff" and "never had to place his hands on plaintiff in an aggressive manner." Doc. 108, Ex. C. He also states that aside from these allegations, he has never been accused of use of excessive force and that he "never violated any constitutional rights of plaintiff." Id. Plaintiff submitted an affidavit in connection with his response to defendants' motion for summary judgment in which he states that "[he] was beaten by Officer Hayes." Doc. 118. Plaintiff also attaches a copy of a "witness statement" dated March 9, 2003 (which he signed and submitted to prison officials as part of the grievance process) which states that "[y]esterday I was beat (sic) by Officer Hayes for filing a grievance on him." Doc. 118, Ex. 35. In that statement, he describes pain in his neck and back and a "bulge" in his stomach. Id.

Both defendant Hayes and plaintiff have submitted sworn affidavits

which make conflicting assertions of fact. Plaintiff's affidavit is consistent with the witness statement dated March 9, 2003 which he previously submitted to prison officials. Doc. 118, Ex. 35. Thus, a genuine issue of material fact still exists regarding plaintiff's excessive force claim against defendant Hayes, and summary judgment in favor of defendant Hayes is not appropriate at this time. Defendants' motion for summary judgment as to defendant Hayes should be DENIED.

## IV.  Inadequate Medical Care

The Eighth Amendment proscription of cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment's Due Process Clause, imposes a constitutional obligation upon the states to provide necessary medical care to those whom it has incarcerated. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995); Manel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989). To state a constitutional claim based upon the failure to provide adequate medical care, a prisoner must show that the prison officials exhibited "deliberate

indifference" to his "serious" medical needs. Estelle, 429 U.S. at 104.[2]

To establish deliberate indifference, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). "[I]it is obduracy and wantonness, not inadvertence or error in good faith," that violates the Constitution in "'supplying medical needs.'" Adams v. Poag, 61 F.3d at 1543 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In fact, care provided to a prisoner need not be "perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)). Nor does a prisoner's mere disagreement with a prison physician concerning the proper course of treatment entitle him to any relief under § 1983. "[T]he question of whether government actors should have employed additional diagnostic

---

[2] Estelle did not elaborate upon the meaning of a "serious" medical need but simply recognized a constitutional requirement to attend to any medical condition that could cause "unnecessary suffering" if left untreated. 429 U.S. at 103. This circuit has defined a "serious" medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1984)(citations omitted).

techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams, 61 F.3d at 1545 (quoting Estelle, 429 U.S. at 107); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (no recovery under § 1983 for disagreements between patient and doctor about what is medically necessary or justifiable). A § 1983 claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." Brinton v. Gaffney, 554 F. Supp. 388, 389 (E.D. Pa. 19983). Indeed, "even gross negligence" is insufficient to establish liability under § 1983. Miller v. King, 384 F.3d 1248, 1251 (11th Cir. 2004).

The Supreme Court, articulating a more precise definition, has stated that deliberate indifference requires the same mental state as criminal recklessness. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837

(1994).³ Therefore, an official is not liable for failing to attend to an inmate's serious medical need that he should have, but did not, perceive. Id. at 838.

Plaintiff claims that Drs. Fogam and Awe failed to provide him with adequate medical care. Doc. 1. Defendants submitted the affidavits of both doctors in support of their motion for summary judgment. Doc. 108, Exs. D, E. Both affidavits are substantively identical, stating that the medical unit treated plaintiff four times in March 2003 after the alleged incident, that the medical staff treated plaintiff appropriately, and that neither doctor was deliberately indifferent to plaintiff's medical needs or violated his constitutional rights. Id. Defendants also submitted copies of plaintiff's medical records following the alleged incident. Doc. 108, Ex. H. These records demonstrate that plaintiff presented in the medical unit complaining of pain in his shoulder, neck, and back, and that doctors

---

³Farmer held that Eighth Amendment claims have both an objective and a subjective component: the prisoner must (1) allege a deprivation that is "'sufficiently serious'" to implicate constitutional concerns and (2) demonstrate that the prison official had a "'sufficiently culpable state of mind.'" Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). Deliberate indifference, the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he was aware. Farmer, 511 U.S. at 829, 837 (rejecting an objective test and adopting a subjective one for defining the state of mind that makes an official culpable for denying humane conditions of confinement).

prescribed various medications for his pain. Id. The records also indicate that doctors performed an x-ray of plaintiff's cervical spine and lumbosacral spine on June 20, 2003 and of his right shoulder on August 19, 2003.[4] Id.

In his response to defendants' motion, plaintiff submits his affidavit in which he states that he "was denied medical treatment (proper) by Drs. Fogam and Awe" and refers to his "argument and exhibits." Doc. 118, Eley Aff. ¶ 4. Plaintiff asserts that Dr. Fogam was deliberately indifferent to his medical needs because he failed to perform thorough examinations of plaintiff, provide correct dosages of medication, and monitor plaintiff's progress. Doc. 118. Plaintiff claims the doctors did not prescribe him the proper dosage of his seizure medication (Tegretol), which caused him to continue experiencing seizures. Id. He also asserts that Dr. Fogam failed to refer him to a specialist for his back, neck, and shoulder injuries and that Fogam should have ordered an MRI to examine him. Id. Finally, plaintiff claims that Drs. Fogam and Awe repeatedly gave him ibuprofen for his condition despite his continued difficulties while taking that medication.

---

[4] X-rays were initially ordered on March 21, 2003, but when the prison medical department attempted to perform the x-rays, plaintiff was absent from the prison attending a court proceeding. Doc. 108, Exs. D, E.

Id.

Defendants Fogam and Awe each state, through his own sworn affidavit, that plaintiff was treated repeatedly by the medical staff following the alleged use of force incident and was administered appropriate care at all times. Doc. 108, Exs. D, E. Medical records attached to defendants' motion for summary judgment indicate that plaintiff reported to the medical unit complaining of pain in his right shoulder and that the doctors examined him, prescribed various medications, and suggested other therapeutic measures. Doc. 108, Ex. H. The records also show that defendants ordered an x-ray of plaintiff's back and right shoulder, the main areas in which plaintiff complains of injuries and pain. Id. The x-rays revealed "no acute changes of the cervical spine," "minimal degenerative changes of the lumbosacral spine," and that plaintiff's shoulder was "normal." Id.

Considering the entirety of plaintiff's filings in response to the motion for summary judgment, plaintiff has, at best, demonstrated that he simply disagreed with defendants' diagnosis and treatment. Plaintiff states in his response and accompanying exhibits that defendants should have treated

11

him with different drugs, prescribed different dosages, or employed different instruments of evaluation.[5] Whether prison officials should have employed additional diagnostic techniques or care is a matter of medical judgment and not an appropriate basis for § 1983 liability. Estelle v. Gamble, 429 U.S. at 107; Dunn v. Martin, 2006 WL 1049403 (11th Cir. 2006); Adams v. Poag, 61 F.3d at 1545. While plaintiff may not agree with defendant's diagnoses and recommended courses of treatment, he cannot recover under § 1983 where defendants did not act with deliberate indifference to his medical needs. See Harris, 941 F.2d at 1505 ("[n]or does a simple difference in medical opinion between the prison's medical staff and the inmate...support a claim of cruel and unusual punishment."); see also Perkins v. Kansas Dept. of Corrections, 811 F.3d 803, 811 (10th Cir. 1999) ("a prisoner who merely disagrees with a diagnosis or prescribed course of treatment does not state a constitutional violation.").

---

[5] For example, in exhibit 50-2, plaintiff submitted a profile of the drug Dilantin, a seizure medication. Doc. 118, Ex. 50-2. On the front of his profile, he attached a handwritten note stating that defendant Fogam wanted to prescribe this for him rather than increasing his Tegretol dose, as plaintiff thought was appropriate. Id. According to his note, plaintiff refused to take the Dilantin since he believed Fogam prescribed an overdose. See also Doc. 118, Ex. 52 (plaintiff claims he should have received a MRI and supports this claim with highlighted statements on a page torn from a U.S. News and World Report magazine dated July 12, 2004 describing MRI technology's ability to produce more detailed images).

Under these circumstances, plaintiff has failed to show the existence of a genuine issue of material fact concerning his claim that defendants Fogam and Awe were deliberately indifferent to his medical needs. The undisputed evidence shows that plaintiff reported to the medical unit complaining of pain in his shoulder, neck, and back and that defendants and other medical staff evaluated those complaints and prescribed medications and other diagnostic and therapeutic measures in response to plaintiff's complaints. The record, therefore, does not support plaintiff's allegations that defendants Fogam and Awe were deliberately indifferent to his medical needs, and plaintiff has offered no evidence to the contrary. The essence of plaintiff's claim is that he did not receive the medical care he wanted, not that defendants were deliberately indifferent to his medical needs. Plaintiff's exhibits and submissions to the Court fail to designate specific facts which show that there is a genuine issue for trial on these issues. Defendants' motion for summary judgment as to defendants Fogam and Awe should be GRANTED.

## V. Warden Thompson

Plaintiff also claims that defendant Dannie Thompson was

deliberately indifferent to his known serious medical needs and ignored his complaints of excessive force against defendant Hayes. Doc. 118. Thompson was the warden at Coastal State Prison at the time the alleged incidents occurred. Doc. 108, Ex. B (affidavit of Dannie Thompson). Thompson states in his affidavit that he first heard of plaintiff's excessive force complaint when plaintiff filed a grievance with his office on July 29, 2003. Id. This grievance concerned the alleged beating by defendant Hayes on March 8, 2003. Doc. 108, Ex. F. Thompson noted that the March events were "out of date" but forwarded the complaint to Internal Affairs due to the serious nature of the allegations in the grievance. Id. Thompson also determined that plaintiff received medical treatment for the problems with his shoulder during several visits to the medical unit made during March 2003. Id.

Plaintiff filed a second grievance on August 21, 2003, complaining that he was not receiving proper medical attention, causing him to suffer seizures and weight loss. Doc. 108, Ex. G. The warden consulted with the Medical Administrator concerning the claims in plaintiff's grievance and determined that the medical unit had properly treated plaintiff during

plaintiff's several visits to the medical unit. <u>Id.</u> There is also a notation that plaintiff was not complying with the recommendations of the medical staff or taking the medication provided.[6] <u>Id.</u> The Inmate Affairs Unit also reviewed this grievance and determined that, after an investigation by the Georgia Department of Corrections Health Services Clinical Team, the medical staff's treatment was both "adequate and appropriate." <u>Id.</u>

"To establish a prison official acted with deliberate indifference to a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of the risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." <u>Kelley v. Hicks</u>, 400 F.3d 1282, 1284 n.4 (11th Cir. 2005) (quoting <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004)). The evidence shows that Thompson considered plaintiff's grievances, despite their belatedness, and consulted with medical

---

[6]This finding seems particularly likely in light of one of plaintiff's own exhibits. Plaintiff submitted a witness statement signed by him and dated October 19, 2003 in which he states that in response to his allegations of not receiving medical attention, defendant Thompson visited him and sent him to the medical unit. <u>See</u> Doc. 118, Ex. 57. Plaintiff states that he was unhappy with the treatment he received on this visit and claims the actions of the prison officials were simply to make his lawsuit "fall through." <u>Id.</u> Plaintiff then states, "[t]his game has forced me to decline any more medical attention from Coastal State Prison. No more pills. No more Doctors of Coastal State Prison and the games they are playing." <u>Id.</u>; <u>see</u> <u>also</u> Doc. 118, Ex. 50-2 (plaintiff asserting in a handwritten note on drug profile that he would not take certain medication because he considered it an overdose).

personnel in order to determine whether plaintiff received adequate treatment. Inmate Affairs also considered the grievances following Thompson's investigation. Based on the amount of consideration given to plaintiff's grievances, plaintiff's claim that defendant Thompson did not respond to his grievances is without foundation in the record. As there is no factual support for plaintiff's allegation that Thompson disregarded a risk to plaintiff's health, which is an essential element of his cause of action, summary judgment should be GRANTED as to defendant Thompson.[7]

## VI. CONCLUSION

Based on the foregoing, defendants' motion for summary judgment should be GRANTED as to defendants Sikes,[8] Fogam, Awe, and Thompson

---

[7] "[W]hen a prisoner has received medical care, courts hesitate to find an Eighth Amendment violation." Waldron v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989). This is particularly true with respect to § 1983 claims against a prison warden, who must necessarily rely on the medical judgments of the prison medical personnel.

[8] Plaintiff initially named Jimmy Sikes as one of the defendants to this action. Doc. 1. While Sikes was the Central Region Director for the Georgia Department of Corrections at all times relevant to this action, he did not have supervisory responsibility over the Coastal State Prison and had no personal involvement in plaintiff's case. Doc. 108, Ex. A (affidavit of Jimmy Sikes). Plaintiff indicates in his response that the Court previously dismissed Sikes as a defendant. Doc. 118. A review of the docket, however, reveals that Sikes has never been dismissed from this action. That Sikes was not responsible for Coastal State Prison or plaintiff's alleged injuries is undisputed, and accordingly, defendants motion for summary judgment as to defendant Sikes should be GRANTED.

since plaintiff has failed to set forth any facts or evidence that would establish defendants' liability for the constitutional violations he alleges. Defendants' motion for summary judgment should be DENIED as to defendant Hayes. Plaintiff's motion for summary judgment (doc. 118) should be DENIED.

      **SO REPORTED AND RECOMMENDED** this 7TH day of September, 2006.

                                                          **UNITED STATES MAGISTRATE JUDGE**
                                                          **SOUTHERN DISTRICT OF GEORGIA**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JAMES AUSTIN ELEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV404-192 |
| STATE OF GEORGIA, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2006.

B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMES AUSTIN ELEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF GEORGIA, et al., )<br>)<br>Defendants. ) | Case No. CV404-192 |

## ORDER

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2006.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA