FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 27 PM 1:38

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES AUSTIN ELEY,

Plaintiff,

v.  404CV192

MICHAEL HAYES,

Defendant.

## ORDER

42 U.S.C. § 1983 *pro se* inmate/plaintiff James Austin Eley's civil rights claims have been summarily adjudicated, *see* doc. ## 120, 125, leaving his remaining claims for trial. Eley alleges that in 2003, during his incarceration at Coastal State Prison, he was beaten while handcuffed by correctional officer Michael Hayes. Doc. # 1. He claims injuries to his back, neck, and shoulder. *Id.* Trial is now scheduled for 9/10/07. Doc. # 159.

To that end, the Court has previously denied plaintiff's request for subpoenas because, *inter alia*, he failed to make a relevancy showing and tender F.R.Civ.P. 45 witness fees. Doc. # 157; *see also* 9A WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 2454 (*Service of a Subpoena*) (2007) (even indigent litigants must tender Rule 45 witness fees, and copying costs for document-demanding subpoenas). Eley's latest request includes a relevancy showing and consent to pay those fees. Doc. # 163.

"[T]he United States Marshal is responsible for serving subpoenas on behalf of *pro se* parties if the Court so directs. 28 U.S.C. § 566(c)." *Smith Bey v. Gibson*, 2007 WL 778626 at * 1 n. 2 (D.Colo. 3/9/07) (unpublished). The Court thus informed Eley that he may move this Court for issuance of subpoenas, subject to the appropriate financial and relevancy showings.[1]

Eley seeks to subpoena three medical doctors. He pursues Dr. Francis Kane because Kane gave him a physical just prior to the alleged Hayes beating. Doc. # 163 at 2. Eley offers to forgo this witness if Hayes stipulates to Eley's physical condition prior to the alleged beating. *Id.* Dr. Marcus Mosely, according to Eley, will testify about Eley's post-beating condition -- that Eley had to be taken by ambulance to a local hospital. *Id.* at 5. So, plaintiff seeks to subpoena him too.

---

[1] As the *Smith Bey* court noted:

> One day's attendance fee for a witness is currently set by statute at $40. 28 U.S.C. § 1821(b). Mileage is payable based on distances and rates set by the General Services Administration ("GSA"). 18 U.S.C. § 1821(c)(2). A review of the GSA's webpage indicates that the current mileage rate is $0.485 cents per mile. *See* [http://www.gsa.gov/Portal/gsa/ep/contentView.do?contentId=9646&contentType=GSA_BASIC].

*Id.*, 2007 WL 778626 at * 1 n. 3. Note, too, that

> [b]ecause a federal court has the inherent power to protect anyone from oppressive use of process, the court may require a plaintiff to demonstrate that he has made provisions for the costs of discovery prior to ordering the Clerk to issue subpoenas. The refusal to issue subpoenas in the absence of such evidence is not improper.

*Kean v. Van Dyken*, 2006 WL 374502 at *3 (W.D.Mich. 2/16/06) (unpublished).

Finally, Eley wants Dr. Eugene Crews "to testify as to facts of the [plaintiff's] mental health record." *Id.* at 3. Crews, Eley explains, can better speak on Eley's health than Coastal State Prison Director of Nursing Pat Clark, who is "just a nurse at most." *Id.*; *see also id.* at 5.

Eley also wants to subpoena one "Officer Springer," who will testify that Eley was hurt so bad that he "could not get to chow or pill call. She will say [that] she has seen PSTD episodes and seen the plaintiff in pain to the point of crying tears. And, she will testify that Plaintiff was so bad off th[at] she and officer Tamara would get me wheelchairs to get me to chow and pill call, whenever possible." *Id.* at 4-5.

Teresa Tindal, Eley maintains, will testify that she was his counselor for years and that Eley was "retaliated against. She will say [that] Plaintiff was hurt and in pain.... [I] could hardly walk and my arm was carried in my shirt, like a sling. She will testify to grievances put in by Plaintiff and what help was tendered, if any. She will talk about a Code Blue put on the Plaintiff." *Id.* at 4.

Plaintiff also wants to call witnesses to describe his pre-beating mental condition, plus Hayes's violent propensity. He represents that Donna White, a prison mental heath counselor, will testify about

> mental health issues that incompassed [sic] the Plaintiff along with visible health issues, along with the testimony of certain documents in Plaintiff's m/h file. She will testify that she and Ms. Barco [sp?] tried repeatedly to get [Eley] out of H building. She will testify about H building and [the fact that Hayes] worked there, and had access to me. Ms. White will also testify that she and nobody else was contacted[;] that plaintiff had been put in the hole and bypassed prot[o]col according to the [Standard Operating Procedure] of the Georgia Dept. of Corrections.

*Id.* at 2-3.

Next, Eley wants to subpoena "Officer Lambert" to testify about Hayes's "chasing and tormenting" Eley while Eley was in "H" building at his prison. *Id.* at 3. Lambert essentially will state, Eley represents, that Eley was a peaceful inmate while Hayes was a hothead gunning for him. *Id.* at 3-4.

Plaintiff also wishes to subpoena Coastal State Prison Warden Dannie Thompson so he can be "asked of his training practices and procedures of his men. He will be asked about the investigation of the beating." *Id.* at 5. And, Eley will ask him "about [Standard Operating Procedures] and how they are used at Coastal State Prison. He will be asked about security issues and keeping inmates safe." *Id.* at 5-6.

Finally, Eley seeks to serve a subpoena *duces tecum* upon Georgia Department of Corrections Commissioner James E. Donald for the purpose of having a certified copy of Eley's medical record at trial and to also have Donald "produce the Plaintiff in this case" at trial. *Id.* at 6.

Because the Court directs the State to bring Eley to trial and immediately produce to him, if it has not already, a complete copy of his medical records,[2] the Court denies Eley's

---

[2] Normally, an F.R.Civ.P. 45 requester is obligated to pay all subpoenaed document-production costs:

> Rule 45's mandatory cost-shifting provisions promote the most efficient use of resources in the discovery process. When nonparties are forced to pay the costs of discovery, the requesting party has no incentive to

motion with respect to Commissioner Donald.

Warden Dannie Thompson is not relevant to the extent that Eley seeks to advance a supervisorial liablity claim (the only claim left in this case is the excessive-force claim against Hayes, see doc. # 149 at 1 (summarizing the distillation, via prior Orders, of plaintiff's case down to its present excessive-force claim)).

Doctors Kane, Crews and Mosley are not necessary for Eley's case because Eley is competent to testify about his pre- and post-beating condition, and the Court directs defendant through counsel to so stipulate to same if in fact there is no material dispute here (if defendant does materially dispute Eley's

> deter it from engaging in fishing expeditions for marginally relevant material. Requesters forced to internalize the cost of discovery will be more inclined to make narrowly-tailored requests reflecting a reasonable balance between the likely relevance of the evidence that will be discovered and the costs of compliance. The court will not burden these non-parties with the copying and other costs that plaintiff must bear himself, and which he has no apparent ability to pay.

Kean v. Van Dyken, 2006 WL 374502, *5 (W.D.Mich. 2/16/06) (quotes and cites omitted).

However, the Court exercises its discretion to direct the State's production here, free of charge, to Eley. His medical file goes to the heart of his case -- documenting whether he in fact suffered abusive-beating level injuries -- and this is the sort of core documentation that should otherwise be turned over to a plaintiff in Eley's position during discovery.

condition, he may move for reconsideration on this point). The gist of what Eley wants to show the jury here is his pre- and post-beating condition. Hayes of course is free to deny that he unconstitutionally beat Eley, but he is directed to stipulate to any otherwise undisputable pre- and post-incident medical condition Eley had.

To the extent Eley seeks to call any doctor as an expert witness, he indicates no pre-arranged agreement with them to pay them expert witness fees, and the Court will not authorize same in any event. *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3rd Cir. 1987) (there is no statutory authority to courts to authorize payment of expert witness fees in civil suits for damages brought by indigents); *Williams v. Kort*, 2007 WL 2071886 at * 2 (M.D.Pa. 7/19/07) (unpublished).

Eley also is competent to testify whether he was transported to the hospital as a result of the alleged beating, and witnesses Tindall and Springer -- for whom the Court grants Eley's subpoena request[3] -- can corroborate his claim on the beating's brutality-level. Officer Lambert may also be subpoenaed[4] to support Eley's claim that Hayes "chased and tormented" Eley pre-beating, and that Eley did nothing to provoke him but Hayes was a hot-head who was

---

[3] Given the late hour of this Order (Eley filed this motion on 8/21/07 for a 9/10/07 trial), the Deputy Clerk is directed to contact defense counsel and prison authorities to seek informal production of these witnesses, but the State is authorized to apply to the Court, in a post-verdict Bill of Costs, for Rule 45-equivalent witness fee costs on each such individual. Hence, if Eley would otherwise be required to furnish $100 per witness, then the State may seek, through Hayes's post-verdict Bill of Costs (which may be filed even if Hayes does not prevail at trial) $100 for each witness that it voluntarily transports to trial.

[4] *See supra* n. 3.

gunning for him. This evidence would support Eley's version of events (*i.e.* that Hayes abusively beat him without provocation).

The Court directs defense counsel to stipulate with Eley that it is not Standard Operating Procedure to abusively beat any inmate, whether handcuffed or not, and that prison guards are trained to that effect. Otherwise, the Court will grant Eley's request to subpoena Warden Thompson. Eley may read the stipulation to the jury at trial.

Accordingly, the Court **GRANTS** in part and **DENIES** in part plaintiff James Austin Eley's motion for Rule 45 subpoenas. Doc. # 196.

This 27 day of August, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA