FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 SEP -4 AM 9: 41

CLERK /tw/
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES AUSTIN ELEY,

Plaintiff,

v.  404CV192

MICHAEL HAYES,

Defendant.

## ORDER

42 U.S.C. § 1983 *pro se* inmate/plaintiff James Austin Eley's civil rights claims have been summarily adjudicated, *see* doc. ## 120, 125, leaving his remaining claims for trial. Eley alleges that in 2003, during his incarceration at Coastal State Prison, he was beaten while handcuffed by correctional officer Michael Hayes. Doc. # 1. He claims injuries to his back, neck, and shoulder. *Id.* Trial is now scheduled for 9/10/07. Doc. # 159.

In its last Order, the Court denied Eley's request to subpoena three medical doctor witnesses, including Dr. Eugene Crews, whom Eley wanted to call to the stand to, as Eley described, "testify as to facts of the [plaintiff's] mental health record." Doc. # 163 at 3. Crews, Eley argued, could better speak on Eley's health than Coastal State Prison Director of Nursing Pat Clark, who is "just a nurse at most." *Id.*; *see also id.* at 5. The Court was unconvinced. Doc. # 164 at 2.

Flush with cash, *see* doc. # 167 (plaintiff has paid $1500 into the Court to cover witness and copying, etc. fees), Eley "responds" to this Court's last Order, and in it basically moves the Court to reconsider. Doc. # 169. The Court grants the motion because Eley correctly notes the Court's failure to explicitly rule on witness Donna White, who was mentioned in the Court's last 8/27/07 Order but never ruled upon.

*See* doc. # 164 at 2. In his prior motion, Eley represented that Donna White, a prison mental heath counselor, will testify about

> mental health issues that incompassed [sic] the Plaintiff along with visible health issues, along with the testimony of certain documents in Plaintiff's m/h file. She will testify that she and Ms. Barco [sp?] tried repeatedly to get [Eley] out of H building. She will testify about H building and [the fact that Hayes] worked there, and had access to me. Ms. White will also testify that she and nobody else was contacted[;] that plaintiff had been put in the hole and bypassed prot[o]col according to the [Standard Operating Procedure] of the Georgia Dept. of Corrections.

Doc. # 163 at 2-3. This testimony is arguably relevant to show Hayes's violent propensity toward Eley, and Hayes denies violently attacking Eley. The Deputy Clerk therefore is directed to contact the prison system for the purpose of subpoenaing Ms. White, and if it produces her *sans* subpoena, then the defense (really, the State of Georgia, which is defending Hayes), can seek the equivalent of F.R.Civ.P. 45 witness fees for her through a post-verdict, F.R.Civ.P. 54 Bill of Costs in the event Hayes prevails in this case.

Next, Eley represents that he has already paid Dr. Crews $2000 to testify on his behalf, possibly as an expert witness (Eley is unclear on this point). *See* doc. # 169 at 2-5. If in fact plaintiff has paid (evidently overpaid) Crews for his witness-attendance costs *and* Crews is as friendly to Eley and his case as Eley now

claims, then Eley is free to informally contact Crews and request him to appear *without* a subpoena. Otherwise, Eley can supply Crews's address and the Court will direct the Marshal to serve a Rule 45 subpoena upon him and deduct the fees from the $1500 that Eley recently paid into the Court.[1]

Next, Eley would like another copy of his medical records because he fears he has contaminated his with his own disease. Doc. # 169 at 1. This motion is granted, and Eley's prison is free to tax his prison account .50 cents a page, and apply to this Court for payment out of Eley's $1500 here if in fact his prison account at that time is without sufficient funds.

The remainder of Eley's implied motion -- about officer Lambert -- requires no judicial response (Eley seeks to interpose a factual correction about Lambert's involvement, but seeks no relief on that score, doc. # 169 at 1-2, and the Court has already granted Eley relief with respect to him, doc. # 164 at 3), so it is denied on those grounds.

Accordingly, the Court **GRANTS** in part and **DENIES** in part plaintiff James Austin Eley's implied motion for reconsideration. Doc. # 169. In light of Eley's new-found wealth, doc. # 167, the Deputy Clerk shall ensure that any unpaid filing fees (Eley had been granted *in forma pauperis* (IFP) status at the commencement of this case) shall now be promptly paid from the above-mentioned $1500. And, the Court now strips him of his IFP status.

This 4 day of September, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] However, defendant will be free to object at trial under Fed.R.Civ.P. 26 if no timely expert witness report has been timely tendered.